### LITZINGER v. BUTLER COUNTY OIL REFINING CO.

### In re KESSLER.

#### No. 2495.

District Court, W. D. Pennsylvania.
June 17, 1933.

James M. Galbreath and C. Hale Sipe, both of Butler, Pa., for petitioner.

A. R. Cingolani, of Butler, Pa., for wage claimants.

Zeno F. Henninger, of Butler, Pa., for receivers.

Marshall & McCandless and Brandon, Brandon & Ross, all of Butler, Pa., for Butler County Nat. Bank & Trust Co.

Aiken & Braham, of New Castle, Pa., for committee of general creditors.

GIBSON, District Judge.

## Findings of Fact.

1. The Butler County Oil Refining Company is a corporation lately doing business at Bruin, Butler county, Pa.

2. At the times of the transactions involved by the instant petition, Lewis P. Litzinger was president of said refining company and its principal and controlling stockholder.

3. The petitioner, J. T. Kessler, was an employee of said refining company, being in charge of its barrel house, and was an uncle of Lewis P. Litzinger.

4. On October 17, 1929, from an account in the Butler County National Bank in the name of J. T. Kessler, the petitioner, the sum of $18,703.12 had, by checks signed by J. T. Kessler, been transferred to the said refining company. From time to time thereafter, to March 27, 1930, other sums were in like manner withdrawn from said account and turned over to said refining company, and on the date last mentioned the various sums so turned over amounted, in excess of partial repayments, to the sum of $50,000.

5. On August 30, 1930, the total amount so turned over to the refining company remained at the sum of $50,000, and on that date a demand judgment note for said sum, payable to J. T. Kessler, was executed by the refining company, by Lewis P. Litzinger, president, and F. J. McCorry, assistant secretary, with authority from the board of directors. Said note (see Exhibit A of petition) recited a deposit, as collateral security for its payments of certain assets, "listed on schedule attached hereto," but no such schedule was attached. An agreement, of same date as the note (see Exhibit B of petition), recited that the refining company desired to sell to J. T. Kessler accounts receivable, notes, drafts, acceptances, raw material, and merchandise dealt in by the refining company, and provided, inter alia, for collection of the accounts receivable by the refining company.

6. On September 9, 1930, by paper signed by Lewis P. Litzinger, president, and F. J. McCorry, "Asst. Secretary or Treasurer," certain accounts receivable purported to be sold, assigned, and transferred to J. T. Kessler pursuant to the terms of the said agreement and note, each dated August 30, 1930.

7. From time to time subsequent to September 9, 1930, until January 14, 1931, memoranda of assignments of accounts receivable to J. T. Kessler were entered upon the books of the refining company. The accounts so purporting to be assigned were entirely under the control of the company, and the amounts collected from those whose accounts purported to be assigned were received by the refining company and used by it in the operation of its business. J. T. Kessler exercised no supervision or control over said accounts.

8. Late in 1930, as certain cars were loaded by the refining company, to each of them a card was attached which had written thereon: "Assigned to J. T. Kessler." When each of such placarded cars was sold and shipment made by the company, the card was removed. J. T. Kessler exercised no supervision or control over such cars.

9. On January 14, 1931, the refining company agreed to the institution of a suit against it by Ida E. Litzinger, wife of the president of the company, and to the appointment of receivers for it pursuant to the bill of complaint in said action; and on January 16, 1931, said bill of complaint was filed, and at the same time the answer of the company was filed, wherein consent was given to the appointment of receivers.

10. On January 15, 1931, employees of the refining company were engaged for the entire working day in marking the personal property of the company with cards indicating that it had been assigned to J. T. Kessler. Much of the property so marked had not theretofore been included in any purported assignments to J. T. Kessler. Accounts receivable were, by paper executed by the officers, and noted on the books of account, marked as assigned to J. T. Kessler.

11. All the moneys received by the refining company pursuant to checks drawn upon the account of J. T. Kessler in the Butler County National Bank had been so received prior to any assignment to J. T. Kessler of its accounts receivable or other personal assets.

12. When the refining company, on January 14, 1931, undertook to assign its accounts receivable and other personal property, as aforesaid, to J. T. Kessler, it was insolvent, and contemplating insolvency.

13. The Butler County Oil Refining Company, on May 15, 1928, issued bonds to the amount of $500,000; said bonds be-

ing secured by a mortgage upon certain of the Company's property. The Butler County Trust Company of Butler, Pa., was trustee for the bondholders. No default under the mortgage existed on January 14, 1931.

14. On January 14, 1931, the Butler County Oil Refining Company was indebted to a considerable amount to wage claimants, vendors of oil, and others.

15. Of the accounts receivable of the refining company, $41,365.84 had been collected prior to hearing upon the petition herein by the receivers.

16. The receivers took possession of the tanks and cars of oil and other products set forth in the said assignment of January 14, 1931, and the products therein were not separately inventoried or appraised, but were mingled with the whole stock of goods then on the premises or thereafter manufactured by the receivers.

### Conclusions of Law.

I. The assignment of accounts receivable and other personal property of the Butler County Oil Refining Company, dated January 14, 1931, and prior assignments, set forth in the petition of J. T. Kessler, did not create a valid, equitable lien upon the property described in said assignments in favor of J. T. Kessler.

II. The said assignments were designed to create· an invalid preference of J. T. Kessler over other creditors of the Butler County Oil Refining Company.

III. The petition of J. T. Kessler must be dismissed.

### Discussion.

J. T. Kessler's petition claims an equitable lien upon accounts receivable, raw material, and manufactured products of the Butler County Oil Refining Company at the time of the appointment of receivers, in the amount of $48,092.37, with interest from January 15, 1931, and prays the court to order the delivery to him of the property covered by his lien, or to transfer the lien to the fund obtained by the receivers from said property. The receivers have denied the claim, and also certain creditors have intervened in opposition to the petition.

The finding of fact, supra, to the effect that the refining company was insolvent when the final assignment was made on January 14, 1931, and on August 30, 1930, when the agreement as to the pledge of accounts receivable was made, is tantamount to a refusal of the petition. The testimony shows that, prior to the agreement of the company on January 14, 1931, that receivers be appointed, certain accounts receivable had, from time to time, been marked upon the company's books as assigned to J. T. Kessler, and certain cars of oil had been placarded as the property of Mr. Kessler; but it also shows that Mr. Kessler exercised no control whatsoever over the accounts or cars of oil. The company collected the money due from its debtors for oil and placed it to its own credit and used it for operating expenses. When a car of oil was ordered from the company, the card showing ownership in Mr. Kessler was removed, and the car shipped to the consignee, who remitted to the company. It is plain that the assignment of accounts and cars was designed to give Mr. Kessler an equitable lien upon them as against a levying creditor, but not as against the company. On the day following the agreement of the company to go into a receivership, and preceding the appointment of receivers, employees of the company worked from dawn to dusk in putting cards upon practically all of the personal property of the company, including a number of tanks of crude oil and other property not theretofore placarded or assigned. It is plain to us, under the circumstances detailed, that Mr. Kessler had never been given the exclusive possession of the accounts and property of the refining company at or about the time of the creation of the alleged debt, as is required by the Act of June 4, 1901, §§ 1, 2 (Purdon's Penna. Statutes, Annotated, tit. 39, §§ 151–154 [39 PS Pa. §§ 151–154]). To grant his petition would mean the approval of an obviously invalid preference, as the refining company, at the time of the last assignment, was heavily indebted for labor and to vendors of crude oil and others. The petition will therefore be denied.

In addition to their assertion of the invalidity of the transfer of the assets of the refining company to J. T. Kessler as a preference, those in opposition to the petition also contend that Mr. Kessler was not the actual owner of the funds which were turned over to the refining company, and upon which the claim is founded, but that those funds actually belonged to the refining company. They allege that Lewis P. Litzinger, president and principal stockholder of the company, and nephew of J. T. Kessler, had deflected the moneys of the ostensible loan from the company, and had

**440**

deposited it in the Butler County National Bank in the name of Mr. Kessler, but keeping the control of it in his own hands. In other words, it is asserted that Mr. Kessler was a mere man of straw in so far as the bank account was concerned.

The testimony furnishes some ground for the suspicion, if not for a finding by the court, that the fact was as claimed by the opponents of the petition, but, in view of our finding that the assignment of the accounts and property, discussed supra, was invalid, it is unnecessary that the matter be determined—at least prior to distribution of the fund in the hands of the receivers.

The petition will be refused.